

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 30, 1974

The Honorable Jackie St. Clair          Opinion No. H- 388
Commissioner,
Texas Dept. of Labor and Standards    Re:   Required time of payment
Sam Houston Building                              of wages under Art. 5155,
Austin, Texas                                          V. T. C. S.

Dear Commissioner St. Clair:

You have requested our opinion on the meaning of Article 5155, V. T. C. S.,
which provides in pertinent part:

> Each person . . . employing one (1) or more
> persons . . . shall pay each of its employees
> the wages earned by him or her as often as
> semimonthly, and pay to a day not more than
> sixteen days prior to the day of payment.

The specific situation giving rise to your inquiry involves a corporation
which proposes to adopt a new pay schedule. The proposed pay schedule
would include a two week pay period beginning and ending on Sunday evening.
Payday would be the Friday following the end of the pay period. Assuming
for clarity of illustration that a pay period begins on a Sunday which is the
first day of the month, the last day of the pay period would be Sunday the
fifteenth. Payday would be Friday the twentieth.

As we understand it this plan meets the law's requirement that payment
be made at least semi-monthly. Your question is whether the requirement
that the employer "pay to a day not more than sixteen days prior to the day
of payment" mandates that payment be made within sixteen days of the day
wages are earned or merely within sixteen days of the end of a pay period.
If the former is correct, the proposed payment schedule is improper; if
the latter represents the correct interpretation of the law, the payment
schedule is permissible.

p. 1820

Statutes prescribing the time for payment of wages are found in most
of our fifty states.  However, judicial decisions construing the Texas
statutory language or similar provisions in our sister states are rare
or non-existent.  We have examined the operation of similar statutes in
other states; see, e.g., N.Y. Labor Law, Sec. 196 (repealed 1966, now
found in substance at Sec. 191); Kan. Rev. Stat., Sec. 337.020; Mass.
Gen. Laws, c.149, Sec. 148; American Mutual Liability Insurance Co.
v. Commissioner of Labor, 163 N.E. 2d 19 (Mass. 1959); U.S. Reduction
Co. v. Nussbaum, 6 CCH Labor Cases, ₱. 61,202 (Ind. App. Ct. 1942);
and we have examined the legislative history of Texas law; see generally,
Dallas Morning News, Jan. through Feb., 1911, Jan. through Feb., 1915;
Texas Senate Journal, 32nd Leg., p. 210 (1911).  These are helpful in
construing the language but do not provide clear or direct authority for
any interpretation.  They do suggest that Article 5155 requires pay-
ment from the first day of the pay period "to a day not more than
sixteen days prior to the day of payment," thus permitting an employer
to withhold wages for as long as sixteen days after the end of a pay
period.  If they were the only aids to construction we would be inclined
to adopt that interpretation.

However, we have been informed that your department has utilized
and enforced a consistent and long standing interpretation that the statute
requires wages to be paid within sixteen days after they are earned.
Where a statute is ambiguous or uncertain a court will ordinarily uphold
a long standing interpretation given the statute by the agency charged with
its administration.  Calvert v. Kadane, 427 S.W. 2d 605 (Tex. 1968);
Shaw v. Strong, 96 S.W. 2d 276 (Tex. 1936) (Critz, J., concurring);
Franklin Fire Ins. Co. v. Hall, 247 S.W. 822 (Tex. 1923); State v. Houston
Oil Co. of Texas, 194 S.W. 422 (Tex. Civ. App. --Austin 1917, writ ref'd.).
Since the statute is unclear and since there has been no direct judicial
construction of the statutory language, we believe the departmental con-
struction would be approved.  Therefore, the payment plan about which
you have inquired would be invalid.

## SUMMARY

Wages must be paid at least as often as semi-monthly and within sixteen days of the day they are earned.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee